IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

JAMES TEAL  PLAINTIFF

V.

BRISTOL WEST INSURANCE
COMPANY    DEFENDANT

BAD FAITH

RCV'D - USDC COLA SC
NOV 4 '24 PM 4:46

## JURY TRIAL DEMANDED

COMES NOW, JAMES TEAL, COMPLAINING OF THE DEFENDANT, ABOVE NAMED AND WOULD SHOW UNTO THE COURT, RESPECTFULLY THE FOLLOWING.

1. PLAINTIFF IS A SOUTH CAROLINA RESIDENT.
2. DEFENDANT IS A COMPANY FROM THE STATE OF OKLAHOMA, DOING BUSINESS IN RICHLAND COUNTY.
3. PURSUANT TO DIVERSITY, 28 USC-1332, DEFENDANT IS SUBJECT TO THE JURISDICTION OF THIS COURT AND VENUE IS PROPER IN RICHLAND COUNTY.

## STATEMENT OF CLAIM

EARLY MORNING, PLAINTIFF ENTERING INTERSECTION ON A SINGLE LANE, IMPACTS A STATIONARY STOPPED VEHICLE, WITH NO ALERT LIGHTS DISPLAYED AND DISOBEYING A UNIFORM TRAFFIC DEVICE READING, KEEP KEEP MOVING. PLAINTIFF WAS CARGED AT FAULT, WITHOUT A CITATION OF WRONG. OBSTRUCTING DUE PROCESS AND BRINGING IN THE GUARANTEE AND SECURITY OF THE 14TH AMENDMENT.

DEFENDANT WITHOUT CONFERING WITH INSURED PLAINTIFF, SETTLED WITH WRONGDOER, WITHOUT A INVESTIGATION.

P.1

DEFENDANT SETTLED WITH THE WRONGDOER WITHOUT KNOWING FACTS OF INCIDENT. STATIONARY VEHICLE WAS IN A INTERSECTION FAILING TO OBEY A UNIFORM TRAFFIC CONTROL DEVICE, OBSTRUCTING TRAFFIC WITHOUT ALERT LIGHTS DISPLAYED IN A ABNORMAL SITUATION, WITH A FORESEEABLE HAZORD.

WITH CARELESS ACTIONS OF DEFENDANT NOT PROTECTING INSURED, PLAINTIFFS LIFE HAS BEEN AFFECTED WITH ANGUISH AND DISCORD. WITH PLAINTIFF SUFFERING WITH AN AGGRAVATION OF A PRIOR NECK INJURY, THIS INCIDENT HAS BEEN CLOSE TO A NITEMARE. DEFENDANT IS THE DIRECT CAUSE FOR LIABILITY PLACED ON PLAINTIFF.

### 1ST CAUSE FOR ACTION, FAILURE TO PROTECT INSURED

1. PLAINTIFF WAS NOT CHARGED WITH A CITATION OF WRONG AND DEFENDANT FAILED TO PROTECT PLAINTIFF.
2. TELEPHONE CALLS TO DEFENDANT, WAS NOT ANSWERED UNTIL 7 DAYS AFTER INCIDENT.
3. ON THE 7TH DAY, PLAINTIFF FINALLY ABLE TO CONFER WITH THE DEFENDANT, ONLY TO FIND DEFENDANT HAD SETTLED WITH THE WRONGDOER, QUICKLY WITH NO FACTS OF THE INCIDENT, FROM PLAINTIFF. EXHIBIT 1, RELEVANT WITNESS, TELEPHONE RECORD.
4. WITH DEFENDANT SETTELING, PLAINTIFF ALLEGES DEFENDANT DID SIDE WITH THE WRONGDOER AND NOT PROTECTING INSURED PLAINTIFF.
5. THE WRONGDOER DID FAIL THE PUBLIC DUTY OF CARE, STOPPING IN A INTERSECTION, DISOBEYING A HIGHLY VISIBLE TRAFFIC CONTROL DEVICE. EXHIBIT 2, RELEVANT WITNESS, FOIA VIDEO, PHOTOS OF SCENE AND STATUTES OF LAW. TITLE 56-5-950, (A)-(C)-TRAFFIC CONTROL, TITLE 56-5-710, (A)-VIDEO AND PHOTOS. STOPPING IN A INTERSECTION. TITLE 56-5-2530, (1)-(C)-(I)-(J)-(K)-(2)-(D). WITH THESE VIOLATIONS OF WRONG, THE WRONGDOER BREACHED THE PUBLIC DUTY CARE AND WAS DIRECTLY THE CAUSE OF INCIDENT.
6. DEFENDANT, DID NOT INVESTIGATE TO FIND THE "ROOT CAUSE," OR THE CONTRIBUTING FACTORS, CREATING THIS INCIDENT.
7. DEFENDANT OWED A DUTY OF CARE TO INSURED PLAINTIFF. WITH RECKLESS DISREGARD OF FAULT, DEFENDANT DID FAIL THE DUTY OF CARE.
8. DEFENDANTS, FAILURE OF DUTY OF CARE, WITH ACTION AND NON ACTION, DID CREATE ADVERSE ACTIONS AGAINST PLAINTIFF.

## 2ND CAUSE FOR ACTION, DISCORD AND PROPERTY LOSS

1. With Abnormal Incident and the Depriving of Rights to Challenge this Occurrence in State Court, Required by South Carolina Code, Univeral Citation, Title 56-7-10-(A).
2. Without a Citation of Wrong to protect Plaintiff. A state of Mental Anguish came into Plaintiffs Life. Along with the Suffering of not Knowing what to do to Protect ones self.
3. Property loss to Plaintiffs truck was estimated to be $3,051.00

## CONCLUSION

Defendant, Settling and Siding with the Wrongdoer, Defendant Did Join, with the Depriving of Rights for Plaintiff and Defendant Did Build a Platform of Denial for the Wrongdoer.

With Defendant Investigating this Incident, Defendant would have Discovered the Wrongdoers Residence was Adjoining to Incident Scene. Plaintiff Alleges the Wrongdoer Should have known this Intersection of Incident. Plaintiff Alleges the Wrongdoer Pre-Planned this Abnormal Incident for a Insurance Pay out.

With Defendant not Investigating Incident, for the Protection of Insured Plaintiff. The Non Investigation brought Discord and Mental Anguish into Plaintiffs Life and Liberty. With Defendants Rush to Settle with the Wrongdoer and No Protection for Insured Plaintiff. Relief asked for by Plaintiff is $125,000.00, for 3 years of Pain and Suffering with Mental Anguish, with Defendant Directly Responsible.

Signature Page to Follow

P.3

PLAINTIFF WILL BE ASKING FOR RELIEF IN THIS MATTER IN THE AMOUNT OF $125,000.00

PLAINTIFF IS OPEN FOR A RESOLVE IN THIS MATTER CONTACT INFORMATION BELOW.

RESPECTFULLY SUBMITTED

*James Teal*

JAMES TEAL  PLAINTIFF
P.O. Box 1253
ELGIN, S.C. 29045
(803) 457-5820

*James Teal*