IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James Teal, | ) | C/A No. 3:24-6320-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Bristol West Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff James Teal, proceeding *pro se*, brings this insurance action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes this action should be summarily dismissed without prejudice and issuance and service of process.[1]

## I.  Factual and Procedural Background

Plaintiff alleges he was in a car accident that was not his fault and that his insurance company wrongly settled with the other party before reviewing the facts. He claims the insurance company's actions resulted in his physical and mental pain, as well as loss of property. Plaintiff seeks damages of $125,000.00.

---

[1] Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO240), which the court construed as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915. (ECF No. 2.) A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* is granted, subject to the court's right to require a payment if Plaintiff's financial condition changes, and to tax fees and costs against Plaintiff at the conclusion of this case if the court finds the case to be without merit. See Flint v. Haynes, 651 F.2d 970, 972-74 (4th Cir. 1981).

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

Plaintiff's Complaint in this action is nearly identical to his complaint in Civil Action Number 3:23-5612-MGL-PJG. Here, Plaintiff sues the same insurance agency over the same accident and raises the same claims. Compare Compl., ECF No. 1, C/A No. 3:24-6320-MGL-PJG, with Am. Compl., ECF No. 9, C/A No. 3:23-5612-MGL-PJG. This court dismissed Plaintiff's previous complaint for failure to allege an actionable claim under Rule 8 of the Federal Rules of Civil Procedure. See Order, ECF No. 17, C/A No. 3:23-5612-MGL-PJG.

Because this case is duplicative of Plaintiff's previous case against Defendant, it should be dismissed as frivolous. Generally, duplicative litigation within the federal courts is disfavored. See generally Stone v. Dep't of Aviation, 453 F.3d 1271, 1278 (10th Cir. 2006) ("A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions."); Motley Rice, LLC v. Baldwin & Baldwin, LLP, 518 F. Supp. 2d 688, 697 (D.S.C. 2007). Therefore, courts should dismiss successive actions that are duplicative or redundant of cases already filed in the same court. See Cottle v. Bell, 229 F.3d 1142 (4th Cir. 2000) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e).") (citing Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992)); McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir. 1997) (" 'Repetitious litigation of virtually identical causes of action' may be dismissed under § 1915 as frivolous or malicious.") (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir.1988)); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989) ("To this end, IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."); see also Brown v. Plansky, 24 F.

App'x 26, 27-28 (2d Cir. 2001) (affirming the district court's *sua sponte* dismissal of a complaint that was duplicative of an action previously brought by the plaintiff).

Alternatively, Plaintiff's claims are subject to dismissal under *res judicata*. See United States v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980) (J. Rehnquist, dissenting) ("While res judicata is a defense which can be waived, see Fed. Rule Civ. Proc. 8(c), if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. . . . This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1054 (9th Cir. 2005) ("As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.' ") (quoting Evarts v. W. Metal Finishing Co., 253 F.2d 637, 639 n.1 (9th Cir. 1958)); Padmanabhan v. Hulka, 308 F. Supp. 3d 484, 495 (D. Mass. 2018) (*sua sponte* dismissing on *res judicata* grounds to avoid judicial waste *pro se* plaintiff's claims that were duplicative of a previous case resolved on the merits against an unserved party); Trawick v. Med. Univ. of S.C., C/A No. 2:16-cv-730-DCN-MGB, 2016 WL 8650132, at *7-8 (D.S.C. June 28, 2016) (dismissing duplicative claims *sua sponte* on *res judicata* grounds and collecting cases in support).

### III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

November 25, 2024  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).